UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,
    Plaintiff

vs

SIX THOUSAND DOLLARS
IN UNITED STATES CURRENCY
($6,000.00), et. al.,
    Defendants

Case No. 1:11-cv-692
Barrett, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

The Government brings this *in rem* forfeiture action against defendant property pursuant to 21 U.S.C. § 881(a)(6). (Doc. 1). This civil action is before the Court on the motion of defendant $55,060.00 in U.S. currency, through pro se claimant Ryan Ergozi ("claimant"), to dismiss the civil forfeiture action and return the $55,060.00 to claimant (Doc. 6) and the Government's memorandum in opposition. (Doc. 9).

**I. Factual Allegations**

On April 11, 2011, employees of the Hyatt Place Hotel located at 11435 Reed Hartman Highway, Blue Ash, Ohio, called the Blue Ash Police Department to report the smell of burnt marijuana in the hotel. (Doc. 1, ¶ 9). Ohio Patrol Officers Pohlman and Asbury responded to the call and the hotel manager accompanied them to Room 207 where the officers noticed the intensifying smell of marijuana. *Id.* The officers made contact with Elias Jose Ergozi, who was instructed by hotel employees to vacate the premises. *Id.* Officers Pohlman and Asbury observed in plain view marijuana blunts and an empty plastic bag containing marijuana residue. *Id.* Elias Ergozi was arrested for possession of marijuana and drug paraphernalia. *Id.* He subsequently verbally consented to a search of the room and his luggage. (Doc 1, ¶ 10). The

search of the hotel room and luggage resulted in the discovery of $6,000.00 in U.S. currency ("defendant 1"), bundled and wrapped in rubber bands in a laptop case, and 15 grams of marijuana stuffed in a sock in Elias Ergozi's black duffel bag. (Doc. 1, ¶ 10).

The officers asked Elias Ergozi if he owned a vehicle in the parking lot. (Doc. 1, ¶ 11). Elias Ergozi answered affirmatively and consented to a search of the white 2011 Hyundai Sonata registered to Elias Ergozi. *Id.* The vehicle had a strong odor of marijuana coming from the interior and trunk area. *Id.* During this search, the officers located $55,060.00 ("defendant 2") in a paper bag inside the spare tire well, under the floorboard of the trunk. *Id.* Defendant 2 was found split into 38 separate bundles and each was bound by rubber bands. (Doc. 1, ¶ 14). Elias Ergozi told the officers that he did not know there was any money in the vehicle and that the $55,060.00 was not his. (Doc. 1, ¶ 12). Elias Ergozi stated that it possibly belonged to his brother, claimant Ryan Ergozi, a high-stakes poker player. *Id.*

At the police station, Elias gave written consent to a search of the vehicle. (Doc. 1, ¶ 13). A K-9 officer gave a positive alert for the presence of narcotics when searching the vehicle and Elias Ergozi acknowledged he had smoked marijuana in the vehicle earlier that day. *Id.* Elias Ergozi was cited for possession of marijuana and paraphernalia before being released. (Doc. 1, ¶ 16). Defendants 1 and 2 were seized by the Drug Enforcement Agency ("DEA") in conjunction with the Blue Ash Police Department. (Doc. 1, ¶ 7-8). A search of the DEA indices for Elias Ergozi's criminal history included an arrest for possession or marijuana (less than 20 grams) and possession of drug paraphernalia on December 9, 2008. (Doc. 1, ¶ 18).

## II. Legal Standard

When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court "should

assume [the] veracity" of all well-pleaded allegations," but need not "accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007). The pleading standard for civil forfeiture complaints brought under 21 U.S.C. § 881 is controlled by the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the Supplemental Rules). A complaint in a civil forfeiture action must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Fed. R. Civ. P. Supp. R. G(2)(f). Rule G was adopted in 2006 and "applies to actions governed by the Civil Asset Forfeiture Reform Act of 2000 (CAFRA)," and was "designed to include the distinctive procedures that govern a civil forfeiture action." Fed. R. Civ. P. Supp. R. G, advisory comm. notes. Rule G represents the evolution of the pleading standard enunciated in Rule E(2)(a) for specific application in civil forfeiture actions. *Id.*

The Sixth Circuit has held the Supplemental Rules impose "a more stringent standard than the pleading requirements [of Rule 8] of the Federal Rules of Civil Procedure." *U.S. v. Real Prop. Located at 2323 Charms Rd., Milford Twp., Oakland Cty., Mich.*, 946 F.2d 437, 441 (6th Cir. 1991). The more rigorous "requirement is not merely a procedural technicality, but a way of ensuring that the government does not seize and hold, for a substantial period of time, property to which, in reality, it has no legitimate claim." *U.S. v. Pole No. 3172, Hopkinton*, 852 F.2d 636, 638 (1st Cir. 1989). However, the pleading requirement of Rule G does not demand "that the government must demonstrate probable cause for forfeiture in its complaint; or in other words, carry its trial burden at the pleading stage." *2323 Charms Rd.*, 946 F.2d at 441. *See also* 18 U.S.C. §983(a)(3)(D) ("no complaint may be dismissed on the ground that the Government did

3

not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property.").

### III. Analysis

Claimant Ryan Ergozi argues that the Government's civil forfeiture complaint should be dismissed because it fails to meet the pleading requirements of Rule G. Specifically, the claimant asserts that the complaint fails to provide a factual statement sufficient to support a cause of action for forfeiture of the $55,060. (Doc. 6, p. 2). The Government filed its complaint under the statute governing forfeiture actions concerning "[a]ll moneys, [ ] furnished or intended to be furnished by any person in exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys [ ] used or intended to be used to facilitate any violation of this subchapter." 21 U.S.C. § 881(a)(6). While claimant never clearly states if the instant motion is brought under Fed. R. Civ. P. 12(b) or Fed. R. Civ. P. Supp. G, Rule G(1) "governs a forfeiture action *in rem* arising from a federal statute." Accordingly, the undersigned will analyze the sufficiency of the Government's complaint under Rule G.[1]

The Sixth Circuit has held that a § 881 civil forfeiture complaint "need only contain facts sufficient to support a reasonable belief that the government *could demonstrate* probable cause for finding the property tainted." *U.S. v. $335,260.00 in U.S. Currency*, No. 1:09-cv-2929, 2010 WL 1416919, at *2 (N.D. Ohio April 6, 2010) (emphasis in original) (quoting *U.S. v. One 1974 Learjet 24D, Serial Number 24D-290, Mexican Registration XA-RMF*, 191 F.3d 668, 674 (6th Cir. 1999)).

---

[1] Further, claimant's motion does not reference Rule 12(b)(6) and cites explicitly to Rule G, supporting the inference that the pro se claimant intended for his motion to be construed under Rule G.

4

The Court finds the factual allegations contained in the Government's complaint are sufficient to meet the pleading standard of Supplemental Rule G. First, the complaint alleges that Blue Ash Police officers were summoned to the Hyatt Place Hotel by hotel staff due to the smell of marijuana emanating from Room 207. In Room 207, officers made contact with Elias Ergozi and viewed marijuana blunts and clear plastic baggies containing marijuana residue in plain sight. During a consensual search of the room, the officers located $6,000 in cash and a plastic baggie containing 15 grams of marijuana. A consensual search of Elias Ergozi's vehicle, which also exhibited a strong odor of marijuana, uncovered $55,060 in cash, bundled and wrapped in rubber bands, stuffed inside a paper bag, and hidden in the spare tire well under the floorboard of the trunk. Further, a K-9 officer provided a positive alert for presence of narcotics in the car. Elias Ergozi has also previously been arrested on drug related charges.

The facts alleged by the Government - the presence of narcotics in Elias Ergozi's luggage, the large sums of bundled cash in the hotel room and the car, and the positive K-9 alert for narcotics in the car - "support a reasonable belief that the government *could demonstrate* probable cause for finding the property tainted." *One 1974 Learjet 24D*, 191 F.3d at 674 (emphasis in original). *See also U.S. v. $49,910.00 in U.S. Currency*, 1998 WL 476250, at *2 (6th Cir. Aug. 3, 1998) (a substantial amount of cash carries considerable evidentiary weight of involvement in the illegal drug trade); *U.S. v. $335,260.00*, No. 1:09-CV-2929, 2010 WL 1416919, at * 2 (airport security finding $335,260.00 hidden inside of the claimant's luggage and a canine gave a positive alert for narcotics were enough to determine the government had met its pleading standard under Rule G); *U.S. v. $16,000 in U.S. Currency*, No. 1:09-CV-00154, 2009 WL 1048524, at *3 (N.D. Ohio April 1, 2009) (search of a vehicle smelling of marijuana and

5

discovery of a hidden paper bag containing $16,000 in cash, wrapped with rubber bands into $1,000 bundles, along with prior drug arrests of claimant were "sufficient to constitute a 'reasonable belief'"); *U.S. v. Mondragon*, 313 F.3d 862, 866 (4th Cir. 2002) (the packaging of a large sum of cash, a hidden compartment where the cash located in a vehicle, and the alert of narcotics by a K-9 were sufficient to deny claimant's motion to dismiss). Here, the Government's allegations include the location of large quantities of cash and 15 grams of marijuana, an individual's prior drug-related arrests, the odor of marijuana in the hotel and a vehicle, a K-9 unit's positive alert for narcotics, and the hidden nature of the money. Such allegations are sufficient under Rule G, making dismissal inappropriate.

For these reasons, **IT IS HEREBY RECOMMENDED THAT** claimant's motion to dismiss (Doc. 6) be **DENIED.**

Date: 6/20/2012

Karen L. Litkovitz
United States Magistrate Judge

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,
    Plaintiff

    vs

SIX THOUSAND DOLLARS
IN UNITED STATES CURRENCY
($6,000.00) et al.,
    Defendants

Case No. 1:11-cv-692
Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☑ Agent<br>☐ Addressee |
| | B. Received by (Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Ryan Egozi<br>11110 Clinton Bar Rd.<br>Pine Grove, CA 95665 | D. Is delivery address different from item 1? ☐ Yes<br>   If YES, enter delivery address below:   ☐ No | |
| | 3. Service Type<br>☑ Certified Mail   ☐ Express Mail<br>☐ Registered      ☐ Return Receipt for Merchandise<br>☐ Insured Mail    ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee)   ☐ Yes | |
| 2. Article Number<br>   (Transfer from service label) | 7002 3150 0000 8389 9081 | |

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540