Cv692**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**          **PLAINTIFF,** | **CASE NO. 1:11-cv-692** |
| **v.** | **JUDGE BARRETT** |
| **SIX THOUSAND DOLLARS IN UNITED STATES CURRENCY ($6,000.00), et al.,**          **DEFENDANTS.** | |

**DECREE OF FORFEITURE**

This matter is before the Court on the November 21, 2012 Motion for Decree of Forfeiture.  (Doc. 30).  No response has been filed to that motion.  This matter is now ripe for review.

On October 4, 2011, the United States filed a Verified Complaint for Forfeiture *in Rem* (Doc. 1).  This is a civil *in rem* forfeiture action brought to enforce 21 U.S.C. § 881(a)(6), which provides for the forfeiture of:

> All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

The Court recognized the jurisdiction it had over Defendant 2 when it directed the Clerk to issue a Warrant for Arrest *in Rem* on October 6, 2011 (Doc. 2).

Pursuant to Supplemental Rule G(4)(b)(i) and (ii), the United States is required to send Direct Notice of the action with a copy of the complaint to any person who reasonably appears to

be a potential claimant on the facts know to the government before the end of time for filing a claim under Rule G(5)(a)(ii)(B).

The United States sent Direct Notice letters and copies of the complaint by certified mail to the following potential claimants: Elias Jose Egozi at 5835 Southwest 28th Street, Miami, Florida 33155; Elias Jose Egozi at 11110 Clinton Bar Road, Pine Grove, California 95665; Elias Jose Egozi c/o Rhonda A. Anderson, P.A. at 2655 LeJeune Road, Suite 540, Coral Gables, Florida 33134; Ryan Albert Egozi at 11110 Clinton Bar Road, Pine Grove, California 95665; and Ryan Albert Egozi c/o Rhonda A. Anderson, P.A. at 2655 LeJeune Road, Suite 540, Coral Gables, Florida 33134 on October 5, 2011 (Doc. 3).

The Direct Notice letter explained the requirement of filing a Claim with the Clerk of the Court within thirty-five (35) days after direct notice was sent. It gave notice that any person having filed such a Claim shall also serve and file an Answer to the Complaint or a motion under Rule 12 within twenty-one (21) days after filing the Claim. It also gave notice that the failure to file a Claim and Answer or Motion within the time limits would result in a judgment by default for the relief demanded in the Complaint (Doc.4).

On November 10, 2011, Ryan Egozi ("Egozi") filed a *pro se* Claim in this matter regarding Defendant 2 (Doc. 5). Instead of filing an Answer to the Complaint, on November 30, 2011, Egozi filed a Motion to Dismiss the Complaint as provided for in Supplemental Rule G(5)(b) (Doc. 6). On December 20, 2011, the United States filed its Memorandum in Opposition to Claimant's Motion to Dismiss (Doc. 9). Egozi did not file a Reply to the Memorandum in Opposition, and on June 11, 2012, Magistrate Judge Litkovitz entered a Report and Recommendation denying Egozi's Motion to Dismiss, which was sent to Egozi at his last known address, 11110 Clinton Bar Road, Pine Grove, California, 95665 (the "Pine Grove address"), by

certified mail (Doc. 10). The letter was returned to the Court on July 5, 2012, marked "Moved Left No Address," "Unable to Forward," and "Return to Sender" (Doc. 11).

The Court entered an Order adopting the Report and Recommendation on July 16, 2012, which was sent to Egozi by certified mail at his last known address, the Pine Grove address (Doc. 12). An unsigned "green card" corresponding to the July 16, 2012 mailing was docketed by the Court on August 9, 2012 (Doc. 18), and the remainder of the mailing was returned to the Court on August 22, 2012, marked "Return to Sender," "Undeliverable as Addressed," and "Unable to Forward" (Doc. 20).

Because the Court denied Egozi's Motion to Dismiss, he had 14 days to file an answer to the complaint under Rule 12(a)(4) of the Rules of Civil Procedure; which he has not done.

The last communication the Court or the United States received from Egozi was his Motion to Dismiss, which was filed on November 30, 2011 (Doc. 6). Since that date, the Court has served pleadings on Egozi at his last known address, the Pine Grove address, by Certified Mail, which have been returned undeliverable, and have indicated that Egozi had moved and left no forwarding address (Docs. 11, 18, 19, 20). The United States has also served pleadings and discovery requests on Egozi at the Pine Grove address by Certified and Regular U.S. Mail. In addition, the United States has served pleadings and discovery requests to Egozi at 5835 Southwest 28th Street, Miami, Florida 33155 (the "Miami address"), another potential address for Egozi, by Certified and Regular U.S. Mail. All documents sent to the Pine Grove address have been returned undeliverable, and have indicated that Egozi had moved and left no forwarding address[1], all documents sent by Certified Mail to the Miami address have been

---

[1] Two documents, the United States' Memorandum in Opposition to Claimant's Motion to Dismiss (Doc. 9) and correspondence including the United States' First Interrogatories and Requests for Production of Documents, dated

3

returned "Unclaimed," and the documents sent to the Miami address by Regular U.S. Mail have not been returned to this office (Docs. 21, 22, 23, 24).

On September 13, 2012, this Court entered a Default Judgment and Decree of Forfeiture against Defendant 1 in this case (Doc. 26).

On October 5, 2012, the United States filed a Motion to Strike Claim for Failure to Comply with Supplemental Rule G(5) (Doc. 27). The United States sent the Motion to Strike by Certified and Regular U.S. Mail to Egozi at the California and Miami addresses. The item sent by Certified Mail to Ryan Albert Egozi at 11110 Clinton Bar Road, Pine Grove, California 95665 was marked "Return to Sender," "Not Deliverable as Addressed," and "Unable to Forward" on October 21, 2012, and returned to this office on October 29, 2012, and the item sent by Regular U.S. Mail to Ryan Albert Egozi at 11110 Clinton Bar Road, Pine Grove, California 95665 was marked "Return to Sender," "Not Deliverable as Addressed," and "Unable to Forward" on October 15, 2012, and returned to this office on October 22, 2012 (Doc. 28).

The item sent by Certified Mail to Ryan Albert Egozi at 5835 Southwest 28th Street, Miami, Florida 33155 was marked "Return to Sender," "Unclaimed," and "Unable to Forward" on October 29, 2012 and returned to this office on November 2,. The item sent by Regular U.S. Mail to Ryan Albert Egozi at 5835 Southwest 28th Street, Miami, Florida 33155 was not returned to this office (Doc. 28).

On November 7, 2012 the Court entered an Order striking Egozi's Claim (Doc. 29). No other person or entity has filed a claim to Defendant 2 or an answer to the United States Complaint for Forfeiture *in Rem*, and the time to do so has expired.

---

April 25, 2012, were both sent to the Pine Grove address by Regular U.S. Mail. Egozi did not file a Reply to the Memorandum, nor did he respond to the discovery requests. Neither document was returned to the United States as undeliverable.

Therefore, it is hereby ORDERED, ADJUDGED, AND DECREEED that all right, title and interest in Defendant 2, further described as Fifty-Five Thousand Sixty Dollars in United States Currency ($55, 060.00) is CONDEMNED and FORFEITED to the United States pursuant to 21 U.S.C. § 881(a)(6). All right, title, and interest in Defendant 2 is vested in the United States of America and no right, title, and interest shall exist in any other person or entity. The United States Marshals Service shall dispose of the Defendant 2 in accordance with the law.

| | |
|---|---|
| 3/11/2013 | s/ Michael R. Barrett |
| Date | Michael R. Barrett |
| | UNITED STATES DISTRICT COURT JUDGE |